**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DEMARCUS LEE CARTER,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **V.** | § | **CIVIL NO. 4:26-CV-1072-P** |
| | § | |
| **P10 – VILLAGE CREEK, LLC, ET AL.,** | § | |
| ***Defendants.*** | § | |

**ORDER RECOMMENDING DISMISSAL**
**AND RETURNING CASE TO DISTRICT JUDGE**

On August 31, 2026, *pro se* Plaintiff Demarcus Lee Carter ("Carter") filed a Complaint [doc. 1] in the above-styled and numbered case. That same day, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("Motion to Proceed IFP") [doc. 2]. On September 2, 2026, Plaintiff's Motion to Proceed IFP was granted, and Plaintiff was advised that service of process would be withheld pending judicial screening under 28 U.S.C. § 1915(e)(2) [doc. 8]. Subsequently, on September 15, 2026, the Court, after reviewing Plaintiff's complaint, entered an Order Directing Plaintiff to File a Form Amended Complaint ("Order") [doc. 10] in which it directed Plaintiff to file an Amended Complaint no later than October 6, 2026.[1] In this Order, the Court advised Plaintiff that "[f]**ailure to timely file an amended complaint could result in the dismissal of this case without prejudice for lack of prosecution without further notice**." (Order at 3 (emphasis in original).) As of the date of this order, Plaintiff has wholly failed to comply with the Court's Order.

[1] The Court, in screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), advised Plaintiff that, "[a]fter reviewing the Complaint, the Court cannot ascertain, *inter alia*, whether Plaintiff has stated claim(s) upon which relief may be granted." (Order at 1.)

Consequently, the Court **RECOMMENDS** that the above-styled and numbered case be **DISMISSED** for failing to comply with the Court's Order.

**NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until October 21, 2026,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 7, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE